Kirkpatrick C. J.
In this case there was a bond given in New-Jersey ; a judgment entered upon that bond in the Supreme Court of the state of New York; a ca. sa. sued out on that judgment; the defendant taken and imprisoned thereupon, and afterwards discharged under the act of the said state of New York, entitled “ An act for giving relief in cases of insolvency,” passed April 3rd 1801.
After this discharge, there was an attachment taken out here, upon which the defendant appeared and gave special bail.
The declaration contains two counts, one upon the bond and another upon the judgment in New York. To the first of these *there are two pleas setting up the said judgment in New York as an extinguishment of the bond, the first concluding with a general verification, and the second with a verification prout patet by a copy of the record of that judgment authenticated according to the act of congress, &c. And to these two pleas there are genera] demurrers, and joinders in demurrer.
To the second count in the declaration there are five pleas. First. Nul tiel record. Secondly. Non detinet. Thirdly. A discharge under the act of the state of New York. Fourthly. The same, setting out the discharge particularly. And fifthly. The imprisonment of the defendant upon a ca. sa. on this judgment, and his discharge therefrom.
The counsel have not thought proper to go into an argument upon the pleas to the first count; but as the de *538 murrers are general, they must be intended to be taken matter of substance and not to matter of form; for though the pleas should be thought to be informal, con-eluding with a general verification, and not with a prout patei per recordum, or in other similar respect, (which I by no means say is the case) yet such informality is- cured by the act respecting amendments and jeofails. I see no ground, therefore, upon which they can be taken, unless it be that the judgment in the state of New York, did not operate as an extinguishment of this bond debt, and that therefore the bond still remains in its full force, and may be made the foundation of an action here.
That the judgment operated as an extinguishment of the bond debt in the state of New York, cannot for a moment be doubted, (a) Can the party then by coming into this state again revive it and set it up ? Or will it be said that a judgment in the state of New York, is, as to us, a mere matter in pais, which, indeed may be the foundation of an assumpsit, or of debt, as upon a simple contract, the regularity, justice, and foundation of which may inquired of here, by a jury, as other matters of fact are inquired of; but that it cannot be pleaded or taken notice of as a judgment, or have the effects and operation oía judgment? If this be the ground upon which the demurrers are taken, and I can really see no other, I am inclined to think they are not good.
The clause of the constitution of the United States, on this subject, and the act of congress to carry that clause into effect, notwithstanding the very respectable opinions to the contrary, ^rendered in some of our neighbouring states, I think place such judgments upon a different footing from what are commonly called foreign judgments, and give them all the force and effect of judgments in every other state. (b) To say less of that clause and of the act consequent thereupon, would be to nullify *539 them altogether. But as the counsel have not argued this question, so neither will I argue it, but rather content myself, for the present, with saying that I think these demurrers must be overruled.
The real defence in the cause, is the discharge under the above recited act of the state of New York. And the demurrers to the third, fourth, and fifth, pleas, pleaded to the second count in the declaration, bring up the validity of that discharge. And this again depends upon the constitutionality of the act itself.
It has heretofore been decided in this court, especially in the case of Vannuxem and Clark v. Hazdhurst, that by the constitution of the United, States, congress has the exclusive power of making laws upon the subject of bankruptcies ; and that all laws which discharge the debtor from his debts, without payment, are bankrupt laws, in the true meaning of that instrument, (a) This act of the state of New York, therefore, being a law which discharges the debtor from his debts, without payment, is a bankrupt law, and, as such, unconstitutional and void.
Again. It has been decided in this court, that a law discharging a debtor from his debts, without payment, if not a bankrupt law, is a law impairing the obligation of contracts; the power of making which, is, by the said constitution, expressly forbidden to the individual states. If it should be thought then, that this act of the state of New York is not a bankrupt law, it is a law impairing the obligation of contracts, and as such is unconstitutional and void.
I am of opinion, therefore, that the demurrers to the third, fourth, and fifth pleas, pleaded to the second count in the declaration, are wrell taken, and, therefore, that the said pleas be overruled.

 Prest vs. Vanarsdalen, 6 Hal. 194. Barnes vs. Gibbs, 2 Vr. 317. Cox vs. Marlatt, 7 Vr. 390.

 Moulin vs. Insurance Co. 4 Zab. 222. Gulick vs. Loder, 1 Gr. 68. Douglass vs. Steward, Pen. *710. Lanning vs. Shute, post 778. Gavit vs. Snowhill, 2 Dutch. 76. Robert vs. Hodges, 1 C. E. Gr. 300. See Davis vs. Headley, 7 C. E. Gr. 116. Gilman vs. Lewis, 4 Zab. 246. Mackay ads. Gordon, 5 Vr. 286.

 1 South. 192. Ballantine vs. Haight., 1 Har. 196. Conkling vs. Haight, 1 Har. 201.